FILED
United States Court of Appeals
Tenth Circuit

August 15, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TERRY WINNE,

        Plaintiff-Appellant,

v.

CITY OF LAKEWOOD,
COLORADO,

        Defendant-Appellee.

No. 10-1568
(D.C. No. 1:10-CV-01978-PAB-MJW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **EBEL** and **O'BRIEN**, Circuit Judges.

Terry Winne appeals from the district court's order dismissing his complaint for failure to state a claim under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601-2654. We have jurisdiction under 28 U.S.C. § 1291, and AFFIRM.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

In 1999, Winne began working for the City of Lakewood as an emergency dispatcher. In 2005, he was injured in an automobile accident, requiring that he take medication for headaches. A change in his medication in January 2008 caused him to "suffer cognitive problems," Aplt. App. at 1, and he was placed on intermittent FMLA leave throughout "the spring and summer," *id.* at 2.

On August 11, 2008, the City transferred Winne to the police department's records section after a psychiatrist found him unfit for his dispatcher duties. Roughly two weeks later, the City fired Winne "even though he still had available FMLA leave." *Id.* at 2. The City stated "that the termination was because of his attendance." *Id.*

Winne retained counsel and sued the City under the FMLA, seeking liquidated damages, lost wages, and reinstatement to his dispatcher position. The City moved to dismiss, arguing that Winne's complaint failed to state a viable FMLA claim. In response, Winne filed a one-page opposition, quoting his complaint and concluding: "the City told him that he was being terminated because he missed work in spite of the fact that he was on approved FMLA leave. Mr. Winne cannot enlighten this Court as to why the City asserts this does not state a claim. Does too." *Id.* at 18.

The district court dismissed the complaint, noting that it lacked allegations sufficient to identify which FMLA theory Winne was pursuing, and that there was

no allegation set forth in his complaint that Winne was actually on approved FMLA leave when he was fired. Further, the district court observed that the City's approval of leave "for a serious health condition during the spring and summer of 2008 does not, without further allegations, protect him from being terminated for missing work for reasons unrelated to that condition, and [Winne's] complaint is silent regarding the nature and circumstances of his attendance issues." *Id.* at 28.[1]

## DISCUSSION

We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Sunrise Valley, LLC v. Kempthorne*, 528 F.3d 1251, 1254 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the complaint need not recite "detailed factual allegations, . . . the factual allegations must be enough to raise a right to relief above the speculative level."

---

[1] The district court also concluded that leave to amend was unwarranted, given that Winne had not requested it, and had provided a "flippant," rather than substantive response to the City's motion to dismiss. *Id.* On appeal, Winne does not challenge the denial of leave to amend.

-3-

*Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir.

2009) (quotation omitted).

"Despite the liberality of modern rules of pleading, a complaint still must

contain either direct or inferential allegations respecting all the material elements

necessary to sustain a recovery under some viable legal theory." *Bryson v.*

*Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alteration and quotation

omitted). Winne's complaint does not indicate which of the two possible theories

of FMLA liability he is pursuing. Under a "retaliation or discrimination theory,"

it is "unlawful for any employer to discharge or in any other manner discriminate

against any individual for opposing any practice made unlawful by this

subchapter." *DeFreitas v. Horizon Inv. Mgmt. Corp.*, 577 F.3d 1151, 1160

(10th Cir. 2009) (quotation omitted). Under the "interference theory," it is

"unlawful for any employer to interfere with, restrain, or deny the exercise of or

the attempt to exercise, any right provided under this subchapter." *Id.* (quotation

omitted).[2] Winne's complaint fails to allege the material elements necessary for

either FMLA theory.

---

[2] On appeal, Winne does not indicate which theory he is pursuing, other than to say that "it seems likely that [the City] probably terminated him under the interference theory." Aplt. Br. at 8. Further, Winne devotes considerable argument to his belief that the district court's dismissal was based on his failure to expressly "proceed under one theory or the other." Aplt. Br. at 9. But Winne ignores the district court's discussion of the complaint's deficiencies regarding both FMLA theories.

To state a prima facie case under a retaliation/discrimination theory, Winne must allege that (1) he engaged in a protected activity; (2) a reasonable employee would have found the City's action materially adverse; and (3) there is a causal connection between the protected activity and the City's adverse action. *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1171 (10th Cir. 2006). But Winne's complaint does not allege that he was engaged in a protected activity, such as exercising his right to take FMLA leave, or that the City fired him because of such activity. Rather, the complaint only alleges that Winne had been "approved for intermittent leave" "[d]uring the spring and summer," and that when he was fired "because of his attendance . . . he still had available FMLA leave." Aplt. App. at 2.

Even if the complaint could be read as indicating that Winne's actual use of intermittent FMLA leave was the focus of his complaint, the complaint is still deficient in failing to relate his use of intermittent FMLA leave to his termination. Indeed, "intermittent leave" is defined as "FMLA leave taken in separate blocks of time due to a single qualifying reason," 29 C.F.R. § 825.202(a), and may include leave of periods from an hour or more to several weeks," *id.* § 825.202(c)(1). Thus, Winne's use of FMLA could be so separated from the termination as to not even raise an inference of retaliation. *See Metzler*, 464 F.3d at 1171 ( stating that "temporal proximity between protected conduct and termination [i]s relevant evidence of a causal connection sufficient to justify an

inference of retaliatory motive (quotation omitted)). Moreover, the fact that the City fired Winne even though he had available FMLA leave does not mean the City fired him *because* of the use of FMLA leave. Rather, the City could have fired him because of his use of non-FMLA leave.

Winne argues that "[e]ven if [he] omitted some necessary fact from [the] complaint," it contains enough plausible inferences to withstand dismissal. Aplt. Br. at 11. He contends that one such inference is that he did not take any non-FMLA leave because "an employee, who is taking leave for medical reasons, would not want to push his luck with his employer by taking additional leave for nonmedical reasons." *Id.* at 11-12. We are not persuaded by such an overly speculative generalization. *Cf. Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 n.5 (2007) (indicating that "to enter the realm of plausible liability," the plaintiff must cross the line "between the factually neutral and the factually suggestive"). Further, Winne states that the necessary causal connection can be inferred from the timing of his termination. But as discussed earlier, the complaint fails to set out a temporal relationship between his use of FMLA leave and his termination.

We conclude that although the complaint could be read as suggesting the possibility that Winne used FMLA leave at a relevant time and that he was fired for taking that leave, "the mere possibility of misconduct" will not sustain a claim for relief. *Iqbal*, 129 S. Ct. at 1950. Thus, Winne failed to allege a viable FMLA retaliation/discrimination claim.

To state a prima facie interference claim, Winne must allege: "(1) that he was entitled to FMLA leave, (2) that some adverse action by the City interfered with his right to take FMLA leave, and (3) that the City's action was related to the exercise or attempted exercise of his FMLA rights. *Cambpell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007). Even assuming that Winne's complaint adequately alleges the first two elements of an interference claim, there is no allegation of "a causal connection between h[is] termination and h[is] exercise of FMLA rights," *Metzler*, 464 F.3d at 1181. As we discussed above in the retaliation/discrimination context, Winne's complaint does not connect any use of FMLA leave to his termination. Thus, Winne has failed to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## CONCLUSION

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Chief Judge